**Richard M. Weaver & Associates**
5601 Airport Freeway
Fort Worth, TX 76117

Bar Number: 21010820
Phone: (817) 222-1108

# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | | |
|---|---|---|---|
| In re: **Ruby M Odom** | xxx-xx-3592 | § | Case No: |
| 1425 Kingston Drive | | § | |
| Lewisville, TX 75067 | | § | Date: **8/7/2019** |
| | | § | Chapter 13 |
| | | § | |

Debtor(s)

### DEBTOR'S(S') CHAPTER 13 PLAN
### (CONTAINING A MOTION FOR VALUATION)

#### DISCLOSURES

☑ This *Plan* does not contain any *Nonstandard Provisions*.

☐ This *Plan* contains *Nonstandard Provisions* listed in Section III.

☐ This *Plan* does not limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

☑ This *Plan* does limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

This *Plan* does not avoid a security interest or lien.

Language in italicized type in this *Plan* shall be as defined in the "General Order 2017-01, Standing Order Concerning Chapter 13 Cases" and as it may be superseded or amended ("General Order"). All provisions of the General Order shall apply to this *Plan* as if fully set out herein.

Page 1

| | | | |
|---|---|---|---|
| Plan Payment: **$1,000.00** | | Value of Non-exempt property per § 1325(a)(4): | **$0.00** |
| Plan Term: **60 months** | | Monthly Disposable Income per § 1325(b)(2): | **$556.34** |
| Plan Base: **$60,000.00** | | Monthly Disposable Income x ACP ("UCP"): | **$33,380.40** |
| Applicable Commitment Period: **60 months** | | | |

Case No:
Debtor(s):  **Ruby M Odom**

---

## MOTION FOR VALUATION

Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims who do not accept the *Plan, Debtor(s)* hereby move(s) the Court to value the *Collateral* described in Section I, Part E.(1) and Part F of the *Plan* at the lesser of the value set forth therein or any value claimed on the proof of claim.  Any objection to valuation shall be filed at least seven (7) days prior to the date of the *Trustee's* pre-hearing conference regarding Confirmation or shall be deemed waived.

### SECTION I
### DEBTOR'S(S') CHAPTER 13 PLAN - SPECIFIC PROVISIONS
### FORM REVISED 7/1/17

**A.  PLAN PAYMENTS:**

> *Debtor(s)* propose(s) to pay to the *Trustee* the sum of:
>
> **$1,000.00**  per month, months  **1**  to  **60** .
>
> For a total of  **$60,000.00**  (estimated "*Base Amount*").
>
> First payment is due  **9/5/2019** .
>
> The applicable commitment period ("ACP") is  **60**  months.
>
> Monthly Disposable Income ("DI") calculated by *Debtor(s)* per § 1325(b)(2) is:  **$556.34** .
>
> The Unsecured Creditors' Pool ("UCP"), which is DI x ACP, as estimated by the Debtor(s), shall be no less than:  **$33,380.40** .
>
> *Debtor's(s')* equity in non-exempt property, as estimated by *Debtor(s)* per § 1325(a)(4), shall be no less than:  **$0.00** .

**B.  STATUTORY, ADMINISTRATIVE AND DSO CLAIMS:**

> 1.  **CLERK'S FILING FEE:**  Total filing fees paid through the *Plan*, if any, are  **$0.00**  and shall be paid in full prior to disbursements to any other creditor.
>
> 2.  **STATUTORY TRUSTEE'S PERCENTAGE FEE(S) AND NOTICING FEES:**  *Trustee's Percentage Fee(s)* and any noticing fees shall be paid first out of each receipt as provided in General Order 2017-01 (as it may be superseded or amended) and 28 U.S.C. § 586(e)(1) and (2).
>
> 3.  **DOMESTIC SUPPORT OBLIGATIONS:**  The *Debtor* is responsible for paying any Post-petition Domestic Support Obligation directly to the DSO claimant.  Pre-petition Domestic Support Obligations per Schedule "E/F" shall be paid in the following monthly payments:

| DSO CLAIMANTS | SCHED. AMOUNT | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT $__ PER MO. |
|---|---|---|---|---|
| | | | | |

**C.  ATTORNEY FEES:**  To  **Richard M. Weaver & Associates** , total:  **$3,700.00** ;  **$1,550.00**  Pre-petition;  **$2,150.00**  disbursed by the *Trustee*.

**D.(1)  PRE-PETITION MORTGAGE ARREARAGE:**

| MORTGAGEE | SCHED. ARR. AMT | DATE ARR. THROUGH | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
| | | | | | |

Case No:
Debtor(s):   **Ruby M Odom**

---

**D.(2) CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY THE TRUSTEE IN A CONDUIT CASE:**

| MORTGAGEE | # OF PAYMENTS PAID BY TRUSTEE | CURRENT POST-PETITION MORTGAGE PAYMENT AMOUNT | FIRST CONDUIT PAYMENT DUE DATE (MM-DD-YY) |
|---|---|---|---|
| | | | |

**D.(3) POST-PETITION MORTGAGE ARREARAGE:**

| MORTGAGEE | TOTAL AMT. | DUE DATE(S) (MM-DD-YY) | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
| | | | | | |

**E.(1) SECURED CREDITORS - PAID BY THE TRUSTEE:**

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|---|
| BBVA Compass 2014 Toyota Corolla | $12,075.00 | $10,700.00 | 4.25% | Month(s) 1-39 | $300.00 |

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | | TREATMENT Pro-rata |
|---|---|---|---|---|---|
| | | | | | |

To the extent the value amount in E.(1) is less than the scheduled amount in E.(1), the creditor may object.  In the event a creditor objects to the treatment proposed in paragraph E.(1), the *Debtor(s)* retain(s) the right to surrender the *Collateral* to the creditor in satisfaction of the creditor's claim.

**E.(2) SECURED 1325(a)(9) CLAIMS PAID BY THE TRUSTEE - NO CRAM DOWN:**

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|
| | | | | |

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | | TREATMENT Pro-rata |
|---|---|---|---|---|
| | | | | |

The valuation of *Collateral* set out in E.(1) and the interest rate to be paid on the above scheduled claims in E.(1) and E.(2) will be finally determined at confirmation.  The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

Absent any objection to the treatment described in E.(1) or E.(2), the creditor(s) listed in E.(1) and E.(2) shall be deemed to have accepted the *Plan* per section 1325(a)(5)(A) of the Bankruptcy Code and to have waived its or their rights under section 1325(a)(5)(B) and (C) of the Bankruptcy Code.

**F.   SECURED CREDITORS - COLLATERAL TO BE SURRENDERED:**

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | TREATMENT |
|---|---|---|---|
| | | | |

Case No:
Debtor(s): **Ruby M Odom**

_____

Upon confirmation, pursuant to 11 U.S.C. § 1322(b)(8), the surrender of the *Collateral* described herein will provide for the payment of all or part of a claim against the *Debtor(s)* in the amount of the value given herein.

The valuation of *Collateral* in F will be finally determined at confirmation. The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

The *Debtor(s)* request(s) that the automatic stay be terminated as to the surrendered *Collateral*. If there is no objection to the surrender, the automatic stay shall terminate and the *Trustee* shall cease disbursements on any secured claim which is secured by the *Surrendered Collateral*, without further order of the Court, on the 7th day after the date the *Plan* is filed. However, the stay shall not be terminated if the *Trustee* or affected secured lender files an objection in compliance with paragraph 8 of the General Order until such objection is resolved.

Nothing in this *Plan* shall be deemed to abrogate any applicable non-bankruptcy statutory or contractual rights of the *Debtor(s)*.

G. <u>**SECURED CREDITORS - PAID DIRECT BY DEBTOR:**</u>

| CREDITOR | COLLATERAL | SCHED. AMT. |
|---|---|---|
|  |  |  |

H. <u>**PRIORITY CREDITORS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:**</u>

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
|  |  |  |  |

I. <u>**SPECIAL CLASS:**</u>

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
|  |  |  |  |

JUSTIFICATION: _____

_____

J. <u>**UNSECURED CREDITORS:**</u>

| CREDITOR | SCHED. AMT. | COMMENT |
|---|---|---|
| Atlas Credit Co, Inc | $760.00 |  |
| BBVA Compass | $1,375.00 | **Unsecured portion of the secured debt (Bifurcated)** |
| Capital One | $326.00 |  |
| Check Into Cash | $1,200.00 |  |
| Fingerhut | $228.00 |  |
| First PREMIER Bank | $598.00 |  |
| Gold Star Finance, Inc. | $738.00 |  |
| Green Trust | $752.00 |  |
| Lendup | $1,122.00 |  |
| Lonestar | $426.00 |  |
| Merrick Bank/CardWorks | $1,315.00 |  |
| Midland Funding | $773.00 |  |
| National Credit Adjusters, LLC | $2,203.00 |  |
| National Credit Adjusters, LLC | $939.00 |  |
| National Credit Systems, Inc. | $7,596.00 |  |
| OneMain Financial | $3,191.00 |  |
| Pioneer Mid Country Bank | $6,532.00 |  |
| Portfolio Recovery | $976.00 |  |
| Security Finance | $824.00 |  |
| Southwest Credit Systems | $533.00 |  |

Case No:
Debtor(s):   **Ruby M Odom**

| | |
|---|---|
| TXU/Texas Energy | **$206.00** |
| **Universal Acceptance/Car Hop Financing** | **$3,244.00** |
| **Vista Ridge Gardens LP** | **$2,551.00** |
| **Westcreek Finance** | **$711.00** |
| **World Acceptance/Finance Corp** | **$1,066.00** |
| TOTAL SCHEDULED UNSECURED: | **$40,185.00** |

The *Debtor's(s')* estimated (but not guaranteed) payout to unsecured creditors based on the scheduled amount is _____**100%**___ .

General unsecured claims will not receive any payment until after the order approving the TRCC becomes final.

**K.** **EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**

| § 365 PARTY | ASSUME/REJECT | CURE AMOUNT | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|
| | | | | |

**SECTION II**
**DEBTOR'S(S') CHAPTER 13 PLAN - GENERAL PROVISIONS**
**FORM REVISED 7/1/17**

**A.** **SUBMISSION OF DISPOSABLE INCOME:**

*Debtor(s)* hereby submit(s) future earnings or other future income to the *Trustee* to pay the *Base Amount.*

**B.** **ADMINISTRATIVE EXPENSES, DSO CLAIMS & PAYMENT OF TRUSTEE'S STATUTORY PERCENTAGE FEE(S) AND NOTICING FEES:**

The Statutory Percentage Fees of the *Trustee* shall be paid in full pursuant to 11 U.S.C. §§ 105(a), 1326(b)(2), and 28 U.S.C. § 586(e)(1)(B).  The *Trustee* is authorized to charge and collect Noticing Fees as indicated in Section I, Part "B" hereof.

**C.** **ATTORNEY FEES:**

*Debtor's(s')* Attorney Fees totaling the amount indicated in Section I, Part C, shall be disbursed by the *Trustee* in the amount shown as "Disbursed By The Trustee" pursuant to this *Plan* and the **Debtor's(s')** Authorization for Adequate Protection Disbursements ("*AAPD*"), if filed.

**D.(1)** **PRE-PETITION MORTGAGE ARREARAGE:**

The Pre-Petition *Mortgage Arrearage* shall be paid by the *Trustee* in the allowed pre-petition arrearage amount and at the rate of interest indicated in Section I, Part D.(1).  To the extent interest is provided, it will be calculated from the date of the Petition.  The principal balance owing upon confirmation of the *Plan* on the allowed pre-petition *Mortgage Arrearage* amount shall be reduced by the total adequate protection less any interest (if applicable) paid to the creditor by the *Trustee*.  Such creditors shall retain their liens.

**D.(2)** **CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY TRUSTEE IN A CONDUIT CASE:**

*Current Post-Petition Mortgage Payment(s)* shall be paid by the *Trustee* as indicated in Section I, Part D.(2), or as otherwise provided in the General Order.

The *Current Post-Petition Mortgage Payment(s)* indicated in Section I, Part D.(2) reflects what the *Debtor(s)* believe(s) is/are the periodic payment amounts owed to the *Mortgage Lender* as of the date of the filing of this *Plan*.  Adjustment of the *Plan Payment* and *Base Amount* shall be calculated as set out in the General Order, paragraph 15(c)(3).

Payments received by the *Trustee* for payment of the *Debtor's Current Post-Petition Mortgage Payment(s)* shall be deemed adequate protection to the creditor.

Upon completion of the *Plan, Debtor(s)* shall resume making the *Current Post-Petition Mortgage Payments* required by their contract on the due date on the due date specified in the *Trustee's* records as the date through which the *Trustee* made the last *Current Post-Petition Mortgage Payment.*

Unless otherwise ordered by the Court, and subject to Bankruptcy Rule 3002.1(f)-(h), if a *Conduit Debtor* is current on his/her *Plan Payments* or the payment(s) due pursuant to any wage directive, the *Mortgage Lender* shall be deemed current post-petition.

Case No:
Debtor(s):  **Ruby M Odom**

---

**D.(3)  POST-PETITION MORTGAGE ARREARAGE:**

The *Post-Petition Mortgage Arrearage* shall be paid by the *Trustee* in the allowed amount and at the rate of interest indicated in Section I, Part D.(3).  To the extent interest is provided, it will be calculated from the date of the Petition.

*Mortgage Lenders* shall retain their liens.

**E.(1)  SECURED CLAIMS TO BE PAID BY TRUSTEE:**

The claims listed in Section I, Part E.(1) shall be paid by the *Trustee* as secured to the extent of the lesser of the allowed claim amount (per a timely filed Proof of Claim not objected to by a party in interest) or the value of the *Collateral* as stated in the *Plan*. Any amount claimed in excess of the value shall automatically be split and treated as unsecured as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a).  Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(1) as set out in 11 U.S.C. § 1325(a)(5)(B)(I) and shall receive interest at the rate indicated from the date of confirmation or, if the value shown is greater than the allowed claim amount, from the date of the Petition, up to the amount by which the claim is over-secured.  The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments less any interest (if applicable) paid to the creditor by the *Trustee*.

**E.(2)  SECURED 1325(a)(9) CLAIMS TO BE PAID BY THE TRUSTEE--NO CRAM DOWN:**

Claims in Section I, Part E.(2) are either debts incurred within 910 days of the *Petition Date* secured by a purchase money security interest in a motor vehicle acquired for the personal use of the *Debtor(s)* or debts incurred within one year of the *Petition Date* secured by any other thing of value.

The claims listed in Section I, Part E.(2) shall be paid by the *Trustee* as fully secured to the extent of the allowed amount (per a timely filed Proof of Claim not objected to by a party in interest).  Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(2) until the earlier of the payment of the underlying debt determined under non-bankruptcy law or a discharge under § 1328 and shall receive interest at the rate indicated from the date of confirmation.  The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments paid to the creditor by the *Trustee*.

To the extent a secured claim not provided for in Section I, Part D, E.(1) or E.(2) is allowed by the Court, *Debtor(s)* will pay the claim direct per the contract or statute.

Each secured claim shall constitute a separate class.

**F.  SATISFACTION OF CLAIM BY SURRENDER OF COLLATERAL:**

The claims listed in Section I, Part F shall be satisfied as secured to the extent of the value of the *Collateral*, as stated in the *Plan*, by surrender of the *Collateral* by the *Debtor(s)* on or before confirmation.  Any amount claimed in excess of the value of the *Collateral*, to the extent it is allowed, shall be automatically split and treated as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a).

Each secured claim shall constitute a separate class.

**G.  DIRECT PAYMENTS BY DEBTOR(S):**

Payments on all secured claims listed in Section I, Part G shall be disbursed by the *Debtor(s)* to the claimant in accordance with the terms of their agreement or any applicable statute, unless otherwise provided in Section III, "Nonstandard Provisions."

No direct payment to the IRS from future income or earnings in accordance with 11 U.S.C. § 1322(a)(1) will be permitted.

Each secured claim shall constitute a separate class.

**H.  PRIORITY CLAIMS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:**

Failure to object to confirmation of this *Plan* shall not be deemed acceptance of the "SCHED. AMT." shown in Section I, Part H. The claims listed in Section I, Part H shall be paid their allowed amount by the *Trustee*, in full, pro-rata, as priority claims, without interest.

**I.  CLASSIFIED UNSECURED CLAIMS:**

Classified unsecured claims shall be treated as allowed by the Court.

**J.  GENERAL UNSECURED CLAIMS TIMELY FILED:**

All other allowed claims not otherwise provided for herein shall be designated general unsecured claims.

Case No:
Debtor(s): **Ruby M Odom**

---

**K. EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**

As provided in § 1322(b)(7) of the Bankruptcy Code, the *Debtor(s)* assume(s) or reject(s) the executory contracts or unexpired leases with parties as indicated in Section I, Part K.

Assumed lease and executory contract arrearage amounts shall be disbursed by the *Trustee* as indicated in Section I, Part K.

**L. CLAIMS TO BE PAID:**

"TERM (APPROXIMATE)" as used in this *Plan* states the estimated number of months from the *Petition Date* required to fully pay the allowed claim. If adequate protection payments have been authorized and made, they will be applied to principal as to both under-secured and fully secured claims and allocated between interest and principal as to over-secured claims. Payment pursuant to this *Plan* will only be made on statutory, secured, administrative, priority and unsecured claims that are allowed or, pre-confirmation, that the *Debtor(s)* has/have authorized in a filed Authorization for Adequate Protection Disbursements.

**M. ADDITIONAL PLAN PROVISIONS:**

Any additional *Plan* provisions shall be set out in Section III, "Nonstandard Provisions."

**N. POST-PETITION NON-ESCROWED AD VALOREM (PROPERTY) TAXES AND INSURANCE:**

Whether the *Debtor* is a *Conduit Debtor* or not, if the regular payment made by the *Debtor* to a *Mortgage Lender* or any other lienholder secured by real property does not include an escrow for the payment of ad valorem (property) taxes or insurance, the *Debtor* is responsible for the timely payment of post-petition taxes directly to the tax assessor and is responsible for maintaining property insurance as required by the mortgage security agreement, paying all premiums as they become due directly to the insurer. If the *Debtor* fails to make these payments, the mortgage holder may, but is not required to, pay the taxes and/or the insurance. If the mortgage holder pays the taxes and/or insurance, the mortgage holder may file, as appropriate, a motion for reimbursement of the amount paid as an administrative claim or a *Notice of Payment Change by Mortgage Lender* or a *Notice of Fees, Expenses, and Charges.*

**O. CLAIMS NOT FILED:**

A claim not filed with the Court will not be paid by the *Trustee* post-confirmation regardless of its treatment in Section I or on the *AAPD.*

**P. CLAIMS FOR PRE-PETITION NON-PECUNIARY PENALTIES, FINES, FORFEITURES, MULTIPLE, EXEMPLARY OR PUNITIVE DAMAGES:**

Any unsecured claim for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims, shall be paid only a pro-rata share of any funds remaining after all other unsecured claims, including late filed claims, have been paid in full.

**Q. CLAIMS FOR POST-PETITION PENALTIES AND INTEREST:**

No interest, penalty, or additional charge shall be allowed on any pre-petition claims subsequent to the filing of the petition, unless expressly provided herein.

**R. BUSINESS CASE OPERATING REPORTS:**

Upon the filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report, business *Debtors* are no longer required to file operating reports with the *Trustee*, unless the *Trustee* requests otherwise. The filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report shall terminate the *Trustee's* duties but not the *Trustee's* right to investigate or monitor the *Debtor's(s')* business affairs, assets or liabilities.

**S. NO TRUSTEE'S LIABILITY FOR DEBTOR'S POST-CONFIRMATION OPERATION AND BAR DATE FOR CLAIMS FOR PRE-CONFIRMATION OPERATIONS:**

The *Trustee* shall not be liable for any claim arising from the post-confirmation operation of the *Debtor's(s')* business. Any claims against the *Trustee* arising from the pre-confirmation operation of the *Debtor's(s')* business must be filed with the Bankruptcy Court within sixty (60) days after entry by the Bankruptcy Court of the Order of Confirmation or be barred.

**T. DISPOSAL OF DEBTOR'S NON-EXEMPT PROPERTY; RE-VESTING OF PROPERTY; NON-LIABILITY OF TRUSTEE FOR PROPERTY IN POSSESSION OF DEBTOR WHERE DEBTOR HAS EXCLUSIVE RIGHT TO USE, SELL, OR LEASE IT; AND TRUSTEE PAYMENTS UPON POST CONFIRMATION CONVERSION OR DISMISSAL:**

*Debtor(s)* shall not dispose of or encumber any non-exempt property or release or settle any lawsuit or claim by *Debtor(s)*, prior to discharge, without consent of the *Trustee* or order of the Court after notice to the *Trustee* and all creditors.

Case No:
Debtor(s): **Ruby M Odom**

Property of the estate shall not vest in the *Debtor* until such time as a discharge is granted or the *Case* is dismissed or closed without discharge. Vesting shall be subject to all liens and encumbrances in existence when the *Case* was filed and all valid post-petition liens, except those liens avoided by court order or extinguished by operation of law. In the event the *Case* is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the *Plan*, the *Trustee* shall have no further authority, fiduciary duty or liability regarding the use, sale, insurance of or refinance of property of the estate except to respond to any motion for the proposed use, sale, or refinance of such property as required by the applicable laws and/or rules. Prior to any discharge or dismissal, the *Debtor(s)* must seek approval of the court to purchase, sell, or refinance real property.

Upon dismissal of the *Case* post confirmation, the *Trustee* shall disburse all funds on hand in accordance with this *Plan*. Upon conversion of the *Case*, any balance on hand will be disbursed by the *Trustee* in accordance with applicable law.

## U.  ORDER OF PAYMENT:

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 *Trustee* after the entry of an order confirming the Chapter 13 Plan, whether pursuant to this *Plan* or a modification thereof, will be paid in the order set out below, to the extent a creditor's claim is allowed or the disbursement is otherwise authorized. Each numbered paragraph below is a level of payment. All disbursements which are in a specified monthly amount are referred to as "per mo." At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on a per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment. If multiple claimants are scheduled to receive per mo payments within the same level of payment and there are insufficient funds to make those payments in full, available funds will be disbursed to the claimants within that level on a pro-rata basis. Claimants with a higher level of payment which are designated as receiving pro-rata payments shall be paid, in full, before any disbursements are made to any claimant with a lower level of payment.

1st -- Clerk's Filing Fee and Trustee's Percentage Fee(s) and Noticing Fees in B.(1) and B.(2) and per statutory provisions will be paid in full.

2nd -- Current Post-Petition Mortgage Payments (Conduit) in D.(2) and as adjusted according to the General Order, which must be designated to be paid per mo.

3rd -- Creditors listed in E.(1)(A) and E.(2)(A), which must be designated to be paid per mo, and Domestic Support Obligations ("DSO") in B.(3), which must be designated to be paid per mo.

4th -- Attorney Fees in C, which must be designated to be paid pro-rata.

5th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid per mo.

6th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid pro-rata.

7th -- Arrearages owed on Executory Contracts and Unexpired Leases in K, which must be designated to be paid per mo.

8th -- Any Creditors listed in D.(1), if designated to be paid per mo.

9th -- Any Creditors listed in D.(1), if designated to be paid pro-rata and/or Creditors listed in E.(1)(B) or E.(2)(B), which must be designated to be paid pro-rata.

10th -- All amounts allowed pursuant to a *Notice of Fees, Expenses and Charges*, which will be paid pro-rata.

11th -- Priority Creditors Other than Domestic Support Obligations ("Priority Creditors") in H, which must be designated to be paid pro-rata.

12th -- Special Class in I, which must be designated to be paid per mo.

13th -- Unsecured Creditors in J, other than late filed or penalty claims, which must be designated to be paid pro-rata.

14th -- Late filed claims by Secured Creditors in D.(1), D.(2), D.(3), E.(1) and E.(2), which must be designated to be paid pro-rata, unless other treatment is authorized by the Court.

15th -- Late filed claims for DSO or filed by Priority Creditors in B.(3) and H, which must be designated to be paid pro-rata.

Case No:
Debtor(s):   **Ruby M Odom**

---

16th -- Late filed claims by Unsecured Creditors in J, which must be designated to be paid pro-rata.

17th -- Unsecured claims for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims.  These claims must be designated to be paid pro-rata.

## V.   POST-PETITION CLAIMS:

Claims filed under § 1305 of the Bankruptcy Code shall be paid as allowed.  To the extent necessary, *Debtor(s)* will modify this *Plan.*

## W.   TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS ("TRCC") PROCEDURE:

See the provisions of the General Order regarding this procedure.

Case No:
Debtor(s): **Ruby M Odom**

---

**SECTION III**
**NONSTANDARD PROVISIONS**

The following nonstandard provisions, if any, constitute terms of this *Plan*. Any nonstandard provision placed elsewhere in the *Plan* is void.

**None.**

I, the undersigned, hereby certify that the *Plan* contains no nonstandard provisions other than those set out in this final paragraph.

**/s/ Richard Weaver**
<u>Richard Weaver, Debtor's(s') Attorney</u>                          Debtor (if unrepresented by an attorney)

Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) is respectfully submitted.

**/s/ Richard Weaver**                                    **21010820**
Richard Weaver, Debtor's(s') Counsel                State Bar Number

**/s/ Ruby M Odom**
Ruby M Odom, Debtor

Case No:
Debtor(s): **Ruby M Odom**

---

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) was served on the following entities either by Electronic Service or by First Class Mail, Postage Pre-paid on the   **7th day of August, 2019**   :

(List each party served, specifying the name and address of each party)


Dated:     **August 7, 2019**                    **/s/ Richard Weaver**
                                               Richard Weaver, Debtor's(s') Counsel

| | | |
|---|---|---|
| Aaron's Sales & Lease<br>xxxxx1127<br>Attn: Bankruptcy<br>PO Box 100039<br>Kennesaw, GA 30156 | Cash Central<br>PO Box 6430<br>North Logan, UT 84341-6430 | Credit One Bank<br>xxxxxxxxxxxx2526<br>ATTN: Bankruptcy Department<br>PO Box 98873<br>Las Vegas, NV 89193 |
| Advance America<br>6306 B Lake Worth Blvd.<br>Lake Worth, TX 76135 | Cash Factory USA<br>6965 S. Rainbow Blvd., STE 130<br>Las Vegas, NV 89118 | Fingerhut<br>xxxxxxxxxxxx9669<br>Attn: Bankruptcy<br>PO Box 1250<br>Saint Cloud, MN 56395 |
| Atlas Credit Co, Inc<br>xxxxxxxx6015<br>Attn: Bankruptcy<br>914 W Front St<br>Tyler, TX 75702 | Catherines/Comenity<br>xxxxxxxxxxxx9032<br>Attn: Bankruptcy<br>PO Box 182125<br>Columbus, OH 43218 | First PREMIER Bank<br>xxxxxxxxxxxx2735<br>Attn: Bankruptcy<br>PO Box 5524<br>Sioux Falls, SD 57117 |
| Barclays Bank Delaware<br>xxxxxxxxxxx2868<br>Attn: Correspondence<br>PO Box 8801<br>Wilmington, DE 19899 | Check Into Cash<br>PO BOX 550<br>Cleveland, TN 37364-0550 | Gateway Recovery Solutions<br>473 E Carnegie Drive Ste 200<br>San Bernardino, CA 92408 |
| BBVA Compass<br>xxxxxx6669<br>Attn: Bankruptcy<br>PO Box 10184<br>Birmingham, AL 35202 | Comenity Bank/Lane Bryant<br>xxxxxxxxxxxx4015<br>Attn: Bankruptcy<br>PO Box 182125<br>Columbus, OH 43218 | Gold Star<br>107 S 1st St B<br>Garland, TX 75040 |
| Capital One<br>xxxxxxxxxxxx9874<br>Attn: Bankruptcy<br>PO Box 30285<br>Salt Lake City, UT 84130 | Continental Finance Company<br>xxxxxxxxxxxx9316<br>Attn: Bankruptcy<br>PO Box 8099<br>Newark, DE 19714 | Gold Star Finance, Inc.<br>xxxxxxx2771<br>610 W Main St<br>Denison, TX 75020 |

Case No:
Debtor(s): **Ruby M Odom**

---

Green Trust
PO Box 340
Hays, MT 59527

National Credit Adjusters, LLC
xxxx0025
327 West 4th Avenue
PO Box 3023
Hutchinson, KS 67504

Ruby M Odom
1425 Kingston Drive
Lewisville, TX 75067

Lendup
xxxxx3504
Attn: Bankruptcy Department
225 Bush Street, 11th Floor
San Francisco, CA 94104

National Credit Systems, Inc.
xxx6573
Attn: Bankruptcy
PO Box 312125
Atlanta, GA 31131

Security Finance
xxxxx0847
Attn: Bankruptcy
PO Box 1893
Spartanburg, SC 29304

Lonestar
220 W Jefferson Blvd
Flower Mound, TX 75028

NTTA
Violation Processing Center
PO Box 260928
Plano, TX 75026-0928

Southwest Credit Systems
xxxx9414
4120 International Parkway
Suite 1100
Carrollton, TX 75007

Medical City Lewisville
500 W Main Street
Lewisville, TX 75057

OneMain Financial
xxxxxxxxxxx9346
Attn: Bankruptcy
601 NW 2nd St #300
Evansville, IN 47708

Springleaf Financial S
xxxxxxxxxxx9346
1301 Custer Rd Ste 250
Plano, TX 75075

Merrick Bank/CardWorks
xxxxxxxxxxxx4809
Attn: Bankruptcy
PO Box 9201
Old Bethpage, NY 11804

Pentagon Federal Cr Un
xxxx5669
Attention: Bankruptcy
PO Box 1432
Alexandra, VA 22314

The Estates on Frankford
7575 Frankford Road
Dallas, TX 75252

Midland Funding
xxxxxx0076
2365 Northside Dr Ste 300
San Diego, CA 92108

Pioneer Mid Country Bank
xxxxxxxxxxxxxxxxxx0518
Attn: Bankruptcy
PO Box 10487
Kansas City, MO 64171

TXU/Texas Energy
xxxxxxxxxxx0473
Attn: Bankruptcy
PO Box 650393
Dallas, TX 75265

Money Key
3422 Old Capital Trl Ste 1613
Wilmington, DE 19808

Portfolio Recovery
xxxxxxxxxxx2868
Attn: Bankruptcy
120 Corporate Blvd
Norfold, VA 23502

Universal Acceptance/Car Hop
Financing
xx0107
Attn: Bankruptcy Dept
PO Box 398104
Edina, MN 55439

National Credit Adjusters, LLC
x1189
327 West 4th Avenue
PO Box 3023
Hutchinson, KS 67504

Progressive
11629 S. 700 E. Ste. 250
Draper, UT 84020

Vista Ridge Gardens LP
xxxxx41J3
350 E Vista Ridge Mall Drive
Lewisville, TX 75067

Case No:
Debtor(s):  **Ruby M Odom**

Westcreek Finance
xxxx16X1
Attn: Bankruptcy
Po Box 5518
Glen Allen, VA 23058


World Acceptance/Finance Corp
xxxxxxxx7201
Attn:  Bankruptcy
PO Box 6429
Greenville, SC 29606

**Richard M. Weaver & Associates**
5601 Airport Freeway
Fort Worth, TX 76117

Bar Number:  **21010820**
Phone:    **(817) 222-1108**

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**
Revised 10/1/2016

| | | | |
|---|---|---|---|
| IN RE: **Ruby M Odom** | xxx-xx-3592 | § | CASE NO: |
| 1425 Kingston Drive | | § | |
| Lewisville, TX 75067 | | § | |
| | | § | |
| | | § | |

Debtor(s)

## AUTHORIZATION FOR ADEQUATE PROTECTION DISBURSEMENTS    DATED: **8/7/2019**

The undersigned Debtor(s) hereby request that payments received by the Trustee prior to confirmation be disbursed as indicated below:

| | | |
|---|---|---|
| Periodic Payment Amount | | **$1,000.00** |
| Disbursements | First (1) | Second (2) (Other) |
| Account Balance Reserve | $5.00 | $5.00 carried forward |
| Trustee Percentage Fee | $99.50 | $100.00 |
| Filing Fee | $0.00 | $0.00 |
| Noticing Fee | $46.20 | $0.00 |
| **Subtotal Expenses/Fees** | **$150.70** | **$100.00** |
| Available for payment of Adequate Protection, Attorney Fees and Current Post-Petition Mortgage Payments: | **$849.30** | **$900.00** |

**CREDITORS SECURED BY VEHICLES (CAR CREDITORS):**

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|---|---|---|---|---|---|
| BBVA Compass | 2014 Toyota Corolla | $12,075.00 | $10,700.00 | 1.25% | $133.75 |

Total Adequate Protection Payments for Creditors Secured by Vehicles:    **$133.75**

**CURRENT POST-PETITION MORTGAGE PAYMENTS (CONDUIT):**

| Name | Collateral | Start Date | Scheduled Amount | Value of Collateral | Payment Amount |
|---|---|---|---|---|---|
| | | | | | |

Payments for Current Post-Petition Mortgage Payments (Conduit):    **$0.00**

**CREDITORS SECURED BY COLLATERAL OTHER THAN A VEHICLE:**

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|---|---|---|---|---|---|
| | | | | | |

*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas - (210) 561-5300.*

Case No:
Debtor(s): Ruby M Odom

---

| Total Adequate Protection Payments for Creditors Secured by Collateral other than a vehicle: | **$0.00** |
|---|---|

---

**TOTAL PRE-CONFIRMATION PAYMENTS**

---

**First Month Disbursement (after payment of Clerk's Filing Fee, any Noticing Fee, Chapter 13 Trustee Percentage Fee, and retention of the Account Balance Reserve):**

| | |
|---|---|
| Current Post-Petition Mortgage Payments (Conduit payments), per mo: | **$0.00** |
| Adequate Protection to Creditors Secured by Vehicles ("Car Creditor"), per mo: | **$133.75** |
| Debtor's Attorney, per mo: | **$715.55** |
| Adequate Protection to Creditors Secured by other than a Vehicle, per mo: | **$0.00** |

**Disbursements starting month 2 (after payment of Clerk's Filing Fee, any Noticing Fee, Chapter 13 Trustee Percentage Fee, and retention of the Account Balance Reserve):**

| | |
|---|---|
| Current Post-Petition Mortgage Payments (Conduit payments), per mo: | **$0.00** |
| Adequate Protection to Creditors Secured by Vehicles ("Car Creditor"), per mo: | **$133.75** |
| Debtor's Attorney, per mo: | **$766.25** |
| Adequate Protection to Creditors Secured by other than a Vehicle, per mo: | **$0.00** |

---

**Order of Payment:**

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 Trustee prior to entry of an order confirming the Chapter 13 Plan will be paid in the order set out above. All disbursements which are in a specified monthly amount are referred to as "per mo". At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on the per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment. Other than the Current Post-Petition Mortgage Payments, the principal balance owing upon confirmation of the Plan on the allowed secured claim shall be reduced by the total of adequate protection payments, less any interest (if applicable), paid to the creditor by the Trustee.

---

DATED: __8/7/2019_____

**/s/ Richard Weaver**
Attorney for Debtor(s)

**/s/ Ruby M Odom**
Debtor

---

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

IN RE: **Ruby M Odom**                                                    CASE NO.
_____
*Debtor*


_____                    CHAPTER    **13**
*Joint Debtor*

## CERTIFICATE OF SERVICE

_____

   I, the undersigned, hereby certify that on August 7, 2019, a copy of the attached Chapter 13 Plan, with any attachments, was served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).


**/s/ Richard Weaver**
_____
Richard Weaver
Bar ID:21010820
Richard M. Weaver & Associates
5601 Airport Freeway
Fort Worth, TX 76117
(817) 222-1108

_____

| | | |
|---|---|---|
| Aaron's Sales & Lease<br>xxxxx1127<br>Attn: Bankruptcy<br>PO Box 100039<br>Kennesaw, GA 30156 | BBVA Compass<br>xxxxxx6669<br>Attn: Bankruptcy<br>PO Box 10184<br>Birmingham, AL 35202 | Catherines/Comenity<br>xxxxxxxxxxxx9032<br>Attn: Bankruptcy<br>PO Box 182125<br>Columbus, OH 43218 |
| Advance America<br>6306 B Lake Worth Blvd.<br>Lake Worth, TX  76135 | Capital One<br>xxxxxxxxxxxx9874<br>Attn: Bankruptcy<br>PO Box 30285<br>Salt Lake City, UT 84130 | Check Into Cash<br>PO BOX 550<br>Cleveland, TN 37364-0550 |
| Atlas Credit Co, Inc<br>xxxxxxxx6015<br>Attn: Bankruptcy<br>914 W Front St<br>Tyler, TX 75702 | Cash Central<br>PO Box 6430<br>North Logan, UT  84341-6430 | Comenity Bank/Lane Bryant<br>xxxxxxxxxxxx4015<br>Attn: Bankruptcy<br>PO Box 182125<br>Columbus, OH 43218 |
| Barclays Bank Delaware<br>xxxxxxxxxxx2868<br>Attn: Correspondence<br>PO Box 8801<br>Wilmington, DE 19899 | Cash Factory USA<br>6965 S. Rainbow Blvd., STE 130<br>Las Vegas, NV 89118 | Continental Finance Company<br>xxxxxxxxxxxx9316<br>Attn: Bankruptcy<br>PO Box 8099<br>Newark, DE 19714 |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

IN RE: **Ruby M Odom**                                                    CASE NO.

*Debtor*

                                                                          CHAPTER   **13**

*Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #1)

| | | |
|---|---|---|
| Credit One Bank<br>xxxxxxxxxxxx2526<br>ATTN: Bankruptcy Department<br>PO Box 98873<br>Las Vegas, NV 89193 | Lendup<br>xxxxx3504<br>Attn: Bankruptcy Department<br>225 Bush Street, 11th Floor<br>San Francisco, CA 94104 | National Credit Adjusters, LLC<br>xxxx0025<br>327 West 4th Avenue<br>PO Box 3023<br>Hutchinson, KS 67504 |
| Fingerhut<br>xxxxxxxxxxxx9669<br>Attn: Bankruptcy<br>PO Box 1250<br>Saint Cloud, MN 56395 | Lonestar<br>220 W Jefferson Blvd<br>Flower Mound, TX 75028 | National Credit Systems, Inc.<br>xxx6573<br>Attn: Bankruptcy<br>PO Box 312125<br>Atlanta, GA 31131 |
| First PREMIER Bank<br>xxxxxxxxxxxx2735<br>Attn: Bankruptcy<br>PO Box 5524<br>Sioux Falls, SD 57117 | Medical City Lewisville<br>500 W Main Street<br>Lewisville, TX 75057 | NTTA<br>Violation Processing Center<br>PO Box 260928<br>Plano, TX  75026-0928 |
| Gateway Recovery Solutions<br>473 E Carnegie Drive Ste 200<br>San Bernardino, CA 92408 | Merrick Bank/CardWorks<br>xxxxxxxxxxxx4809<br>Attn: Bankruptcy<br>PO Box 9201<br>Old Bethpage, NY 11804 | OneMain Financial<br>xxxxxxxxxxxx9346<br>Attn: Bankruptcy<br>601 NW 2nd St #300<br>Evansville, IN 47708 |
| Gold Star<br>107 S 1st St B<br>Garland, TX 75040 | Midland Funding<br>xxxxx0076<br>2365 Northside Dr Ste 300<br>San Diego, CA 92108 | Pentagon Federal Cr Un<br>xxxx5669<br>Attention: Bankruptcy<br>PO Box 1432<br>Alexandra, VA 22314 |
| Gold Star Finance, Inc.<br>xxxxxxx2771<br>610 W Main St<br>Denison, TX 75020 | Money Key<br>3422 Old Capital Trl Ste 1613<br>Wilmington, DE 19808 | Pioneer Mid Country Bank<br>xxxxxxxxxxxxxxxxxx0518<br>Attn: Bankruptcy<br>PO Box 10487<br>Kansas City, MO 64171 |
| Green Trust<br>PO Box 340<br>Hays, MT 59527 | National Credit Adjusters, LLC<br>x1189<br>327 West 4th Avenue<br>PO Box 3023<br>Hutchinson, KS 67504 | Portfolio Recovery<br>xxxxxxxxxxxx2868<br>Attn: Bankruptcy<br>120 Corporate Blvd<br>Norfold, VA 23502 |

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

IN RE:  **Ruby M Odom** _____

CASE NO.

*Debtor*

CHAPTER  **13**

_____

*Joint Debtor*

## CERTIFICATE OF SERVICE

(Continuation Sheet #2)

_____

Progressive
11629 S. 700 E. Ste. 250
Draper, UT  84020

Universal Acceptance/Car Hop
Financing
xx0107
Attn: Bankruptcy Dept
PO Box 398104
Edina, MN 55439

Ruby M Odom
1425 Kingston Drive
Lewisville, TX 75067

Vista Ridge Gardens LP
xxxxx41J3
350 E Vista Ridge Mall Drive
Lewisville, TX 75067

Security Finance
xxxxx0847
Attn: Bankruptcy
PO Box 1893
Spartanburg, SC 29304

Westcreek Finance
xxxx16X1
Attn: Bankruptcy
Po Box 5518
Glen Allen, VA 23058

Southwest Credit Systems
xxxx9414
4120 International Parkway
Suite 1100
Carrollton, TX 75007

World Acceptance/Finance Corp
xxxxxxxx7201
Attn:  Bankruptcy
PO Box 6429
Greenville, SC 29606

Springleaf Financial S
xxxxxxxxxxxx9346
1301 Custer Rd Ste 250
Plano, TX 75075

The Estates on Frankford
7575 Frankford Road
Dallas, TX 75252

TXU/Texas Energy
xxxxxxxxxxxx0473
Attn: Bankruptcy
PO Box 650393
Dallas, TX 75265

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

IN RE:   **Ruby M Odom**

CASE NO.

CHAPTER   **13**

### Certificate of Service

I, the undersigned hereby certify that a copy of the foregoing Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines was served upon the following parties of interest via 1st class mail.

Date:   **8/7/2019**                                  **/s/ Richard Weaver**
                                                        **Richard Weaver**
                                                        Attorney for the Debtor(s)


Aaron's Sales & Lease
Attn: Bankruptcy
PO Box 100039
Kennesaw, GA 30156

Cash Central
PO Box 6430
North Logan, UT  84341-6430

Credit One Bank
ATTN: Bankruptcy Department
PO Box 98873
Las Vegas, NV 89193


Advance America
6306 B Lake Worth Blvd.
Lake Worth, TX  76135

Cash Factory USA
6965 S. Rainbow Blvd., STE 130
Las Vegas, NV 89118

Fingerhut
Attn: Bankruptcy
PO Box 1250
Saint Cloud, MN 56395


Atlas Credit Co, Inc
Attn: Bankruptcy
914 W Front St
Tyler, TX 75702

Catherines/Comenity
Attn: Bankruptcy
PO Box 182125
Columbus, OH 43218

First PREMIER Bank
Attn: Bankruptcy
PO Box 5524
Sioux Falls, SD 57117


Barclays Bank Delaware
Attn: Correspondence
PO Box 8801
Wilmington, DE 19899

Check Into Cash
PO BOX 550
Cleveland, TN 37364-0550

Gateway Recovery Solutions
473 E Carnegie Drive Ste 200
San Bernardino, CA 92408


BBVA Compass
Attn: Bankruptcy
PO Box 10184
Birmingham, AL 35202

Comenity Bank/Lane Bryant
Attn: Bankruptcy
PO Box 182125
Columbus, OH 43218

Gold Star
107 S 1st St B
Garland, TX 75040


Capital One
Attn: Bankruptcy
PO Box 30285
Salt Lake City, UT 84130

Continental Finance Company
Attn: Bankruptcy
PO Box 8099
Newark, DE 19714

Gold Star Finance, Inc.
610 W Main St
Denison, TX 75020

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

IN RE:   **Ruby M Odom**                                    CASE NO.

                                                            CHAPTER    **13**

### Certificate of Service

(Continuation Sheet #1)

---

Green Trust
PO Box 340
Hays, MT 59527

National Credit Adjusters, LLC
327 West 4th Avenue
PO Box 3023
Hutchinson, KS 67504

Portfolio Recovery
Attn: Bankruptcy
120 Corporate Blvd
Norfold, VA 23502

Lendup
Attn: Bankruptcy Department
225 Bush Street, 11th Floor
San Francisco, CA 94104

National Credit Adjusters, LLC
327 West 4th Avenue
PO Box 3023
Hutchinson, KS 67504

Progressive
11629 S. 700 E. Ste. 250
Draper, UT  84020

Lonestar
220 W Jefferson Blvd
Flower Mound, TX 75028

National Credit Systems, Inc.
Attn: Bankruptcy
PO Box 312125
Atlanta, GA 31131

Richard M. Weaver & Associates
5601 Airport Freeway
Fort Worth, TX 76117

Medical City Lewisville
500 W Main Street
Lewisville, TX 75057

NTTA
Violation Processing Center
PO Box 260928
Plano, TX  75026-0928

Security Finance
Attn: Bankruptcy
PO Box 1893
Spartanburg, SC 29304

Merrick Bank/CardWorks
Attn: Bankruptcy
PO Box 9201
Old Bethpage, NY 11804

OneMain Financial
Attn: Bankruptcy
601 NW 2nd St #300
Evansville, IN 47708

Southwest Credit Systems
4120 International Parkway
Suite 1100
Carrollton, TX 75007

Midland Funding
2365 Northside Dr Ste 300
San Diego, CA 92108

Pentagon Federal Cr Un
Attention: Bankruptcy
PO Box 1432
Alexandra, VA 22314

Springleaf Financial S
1301 Custer Rd Ste 250
Plano, TX 75075

Money Key
3422 Old Capital Trl Ste 1613
Wilmington, DE 19808

Pioneer Mid Country Bank
Attn: Bankruptcy
PO Box 10487
Kansas City, MO 64171

The Estates on Frankford
7575 Frankford Road
Dallas, TX 75252

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

IN RE:    **Ruby M Odom**

CASE NO.

CHAPTER    **13**

**Certificate of Service**

(Continuation Sheet #2)

TXU/Texas Energy
Attn: Bankruptcy
PO Box 650393
Dallas, TX 75265

Universal Acceptance/Car Hop
Financing
Attn: Bankruptcy Dept
PO Box 398104
Edina, MN 55439

Vista Ridge Gardens LP
350 E Vista Ridge Mall Drive
Lewisville, TX 75067

Westcreek Finance
Attn: Bankruptcy
Po Box 5518
Glen Allen, VA 23058

World Acceptance/Finance Corp
Attn:  Bankruptcy
PO Box 6429
Greenville, SC 29606